**YOCUM et al. v. PARRY MEDICINE CO. et al.**

(Circuit Court of Appeals, Third Circuit. March 5, 1925. Rehearing Denied May 28, 1925.)

No. 3214.

1. **Receivers ⊙⊷207 — Order to receiver to turn over property to foreign receiver held not erroneous.**

A court held not precluded from directing its receiver to turn over the property of the receivership to the receiver in another jurisdiction by a previous order declining to so turn it over, where the second order was made after notice to the parties in interest.

2. **Courts ⊙⊷493(2)—Receiver in stockholders' suit held properly directed to turn over assets to receiver in dissolution suit.**

In a stockholders' suit for a receivership, in which no rights of creditors were involved, a federal court properly directed the assets in the hands of its receiver turned over to the receiver subsequently appointed by a state court in its home state, in a suit for dissolution of the corporation instituted pursuant to a vote of its stockholders.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Seward Thomson, Judge.

Suit in equity by Edward Yocum and others against the Parry Medicine Company and others. From a decree of the District Court directing its receiver to turn over assets, complainants appeal. Affirmed.

William S. Doty and Fred C. Houston, both of Pittsburgh, Pa., for appellants.

John C. Bane, of Pittsburgh, Pa., and Thomas F. Turner, of Canton, Ohio, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court directing its receiver to turn over to the receiver appointed by a state court in Ohio in dissolution proceedings all the property of the Parry Medicine Company in her control.

This suit was begun by four stockholders, owning 13 out of 100 shares of stock, for themselves and all other stockholders of the Parry Medicine Company, a corporation organized under the laws of the state of Ohio, against the corporation, Leonard L. Parry, president, Hugh Parry, secretary and treasurer; and Melvina Parry, Ethel Motter and C. L. McClellan, directors. All of the defendants are citizens and residents of the

5 F.(2d)—18

state of Ohio. The corporation was organized for the purpose of manufacturing and selling a medicine known as "Parry's Vegetable Compound." It was registered as a foreign corporation in Pennsylvania and owned and operated a laboratory or factory in Pittsburgh. The bill alleged a conspiracy by the majority stockholders to wreck the corporation and remove its assets from the jurisdiction of the District Court in Pennsylvania and transfer them to an Ohio corporation to be organized by the conspirators.

The fraud alleged in the bill is based upon a resolution of the directors of the Parry Company to sell the assets of the company to Leonard L. Parry for $125,000 and release him from an agreement which he had made with the company to manufacture exclusively for it Parry's Vegetable Compound at a royalty of 15 cents per bottle to be paid for when the bottles were sold. Only seven votes were cast against this resolution. Ninety-eight shares out of 100 were represented at the meeting. The sixth prayer of the bill was for the appointment of a receiver to conserve "the assets and to save the same from waste and mismanagement." Upon the filing of the bill, the court entered an order in which the defendants were enjoined from removing any of the property of the company from their factory in Pittsburgh, and appointed R. L. Crawford receiver. While this litigation was going on, he died, and his wife, Francis R. Crawford, was appointed receiver in his place.

After these proceedings were had in Pennsylvania, steps were taken in the common pleas court of Richland county, Ohio, to dissolve the corporation. A decree of dissolution was entered in that court, and Robert W. Stephenson was appointed receiver to collect all the property and assets of the company and make distribution according to law. Stephenson, as directed by the decree of his court, applied to the District Court of Pennsylvania for an order requiring Francis R. Crawford to turn over to him the property in her hands belonging to the company. The court entered an order on March 9, 1923, that the receiver file her account. On April 10, 1923, she filed an account of the administration of the property belonging to the Parry Company both of herself and of her deceased husband. On May 8, 1923, Stephenson filed exceptions to these accounts. While these exceptions were pending, Francis R. Crawford, on February 6, 1924, filed her second and final account. Stephenson and two appellants, Yocum and Craig, filed exceptions to the attorney's fees

asked in this account. On April 1, 1924, the court entered an order fixing April 2, 1924, as the time for hearing the exceptions to the final account, and Stephenson then withdrew his exceptions to the first accounts. At the hearing on the following day, the exceptions filed by Yocum, Craig, and Stephenson to the final account were withdrawn in open court, and the court thereupon entered an order directing Mrs. Crawford to turn over to Stephenson the property in her hands belonging to the Parry Company after the payment of costs and administrative expenses. The appeal was taken from this order and is based upon four principal grounds:

[1] 1. The appellants say that the court on June 18, 1923, made an order wherein it refused to direct its receiver to turn over the property and assets of the Parry Medicine Company to Stephenson; that this order, unappealed from and unexcepted to, became the law of the case; and the court had no jurisdiction to make a contrary order without notice or reargument.

This contention embraces questions of fact and conclusions of law. If the facts are true, then the conclusions of law based upon them are correct. It is true that on June 18, 1923, the court did decline to direct its receiver to turn over the property and assets of the Parry Company to Stephenson; but, as above stated, on April 1, 1924, in open court an order was made fixing April 2, 1924, as the date for hearing the exceptions filed by Yokum, Craig, and others, and counsel for these exceptants were present and accepted service of a copy of that order. The following day, the attorneys of Yokum and Craig were present at the time fixed for the hearing and in open court · withdrew the exceptions. There is no contention that the attorneys exceeded their authority. The learned trial judge, stated in his memorandum opinion in allowing the appeal that, "On the .hearing of the exceptions to the account, all the exceptions were withdrawn, and the order of the court of April 2, 1924, was accordingly entered." At the entry of this order, no reference was made to the order of June 18, 1923, by any one, and no exception was taken with reference to it. Under these circumstances, we do not think that the entry of the order was error.

[2] 2. Appellants further say that jurisdiction of the federal court having properly attached, the court could not abandon its jurisdiction and leave the questions raised before it to the determination of the common pleas court of Richland county, Ohio.

This conclusion may or may not be sound. It depends upon the facts. If there had been any rights of creditors properly before the court undetermined, the contention here made might be sound; but there were none, and the exceptions having been withdrawn, the court pursued the proper course. This was a stockholders', and not a creditors', bill. The appellants in their bill of complaint expressly stated that: "There is no incumbrance against any of the real estate held by the said company, as hereinbefore stated, and no debts from the said company, whatever." In the order directing that the property of the company be turned over to Stephenson, the court said: "No creditors' rights or interest intervening in this cause, it is ordered by and with the consent of counsel for the receiver and for the defendant, the Parry Medicine Company, that the injunction hereinbefore granted, herein be, and the same is hereby, dissolved." The rights of creditors were not brought into this case before the District Court. The case proceeded entirely on the theory of a stockholders' bill for preservation of assets.

Attached to the accounts filed by Mrs. Crawford were certain addenda containing several claims which had not been put in issue by the pleadings. She questioned their validity. No one appeared in court to call attention to them or ask action on them. These claims were left either with Mr. or Mrs. Crawford, and she apparently thought best to include them in the addenda. No action of the court was required on them and the court expressly stated that no adjudication was made in reference to them. These claims do not afford a foundation on which appellants can successfully stand. The rights of stockholders only were before the court, and they not only can, but must be determined by the court of original jurisdiction, where the estate is being marshaled for distribution. There was therefore nothing left for the court to do but to order the property turned over to Stephenson.

3. The appellants contend that proper practice required ancillary receivers to be appointed by the court in aid of the subsequent state proceedings.

Eighty-five per cent. of the stockholders by resolution on November 30, 1921, voted to dissolve the corporation and to sell all its assets. This, in the absence of creditors' rights in the federal court in Pennsylvania, left nothing for the state court to do except to complete the dissolution proceedings and distribute the assets among the stockholders. All matters before the court in Pennsylvania

had been completely adjudicated and there was no person other than Stephenson to whom the property could be turned over so that the state court having domiciliary jurisdiction of the dissolution proceedings could wind up the company's affairs. The court entered the proper order and the assignment of error based thereon is without merit.

4. It is further contended that assuming the order appealed from to have been discretionary, it is reversible error because it was made under obvious mistakes as to controlling facts.

The controlling facts, which it is alleged the court misunderstood in making the order, are largely the facts upon which the foregoing three points were predicated. Without restating what we have said about them, it is sufficient to say that we do not find any evidence that the court misunderstood the facts or abused its discretion.

Therefore the decree is affirmed.

### On Petition for Rehearing.

PER CURIAM. In the petition for rehearing it is alleged that our opinion in this case was based upon an incorrect statement of controlling facts. It would apparently, if not necessarily, follow that the conclusions deduced from these facts are erroneous. In the opinion, it was stated that on April 1, 1924, an order fixing the date for hearing the exceptions filed by the petitioners was made in open court and that the petitioners and their counsel were present and accepted service of a notice of that order. It now appears, not from the record, but from affidavits submitted by petitioners, that counsel were in fact not present in court, but that they did actually accept service on that day of a copy of the order upon them. While it is doubtless true that counsel were not actually in court when the order was made, they accepted service of a copy of it that day and were fully informed of the date of the hearing.

The other statements in the opinion alleged to be incorrect are based upon statements contained in the record. The petitioners in substance charge that the record does not contain a true statement of the facts as they actually occurred. However this may be, before the petition was filed no intimation whatever had come to us that the record is either incorrect, inaccurate, or incomplete. The petition does not in direct terms make such a charge, but it does allege facts as a ground for rehearing as having occurred which are not contained in the record.

We have carefully considered the petition, the record, and the opinion, but do not think that any grounds justifying a new trial have been shown.

A rehearing is accordingly denied.